FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH W. H.,<br><br>                   Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                   Defendant. | No. 2:17-cv-00189-SMJ<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Before the Court is Magistrate Judge Dimke's June 5, 2018 Report and Recommendation, ECF No. 23, recommending the Court grant Plaintiff's Motion for Summary Judgment, ECF No. 15, and deny Defendant's Motion for Summary Judgment, ECF No. 19. Defendant filed a timely objection to the Report and Recommendation. ECF No. 25. After reviewing the Report and Recommendation and relevant authorities, the Court finds Magistrate Judge Dimke's decision is correct. Therefore, the Court adopts the Report and Recommendation in its entirety.

Defendant argues the administrative law judge (ALJ) reasonably rejected John F. Arnold, Ph.D.'s medical opinion and Plaintiff's symptom claims, and the

Report and Recommendation was wrong to reweigh evidence and reassess credibility rather than accord deference. *Id.* Essentially, Defendant argues the Report and Recommendation misapplies the substantial evidence review standard. *See id.* The Court disagrees because the Report and Recommendation turns on legal error and the quantum of evidence rather than persuasiveness.

The Report and Recommendation correctly finds error because the ALJ failed to give specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Arnold's medical opinion. ECF No. 23 at 14–15, 18–19; ECF No. 11-2 at 24–25.

Defendant acknowledges it would be unreasonable as a matter of law for the ALJ to find that, after one year's sobriety, Plaintiff's functioning was still affected by substance abuse. ECF No. 25 at 5. It was equally unreasonable for the ALJ to discount Dr. Arnold's medical opinion because Plaintiff erroneously reported three years' sobriety when it was technically one year considering his two documented relapses. *See* ECF No. 23 at 14–15, 18–19; ECF No. 11-2 at 24–25, 79–63; ECF No. 11-7 at 136, 278, 302, 365. Either way, this period of sobriety was long enough for Dr. Arnold to accurately diagnose Plaintiff's functioning. *See* ECF No. 23 at 6–7, 14–15, 18–19; ECF No. 11-2 at 62. But the ALJ was apparently unaware of this because he mistook the date of Dr. Arnold's examination. *See* ECF No. 23 at 14–15; ECF No. 11-2 at 24; ECF No. 11-7 at

365, 368. And contrary to Defendant's argument, insufficient evidence exists to show Plaintiff's erroneous report of three years' sobriety was, as the ALJ characterized it, an "affirmative misrepresentation[]" rather than an inattentive mistake. ECF No. 11-2 at 24; *see* ECF No. 23 at 14 n.1; ECF No. 11-7 at 365.

Further, Defendant seems to acknowledge it would be unreasonable as a matter of law for the ALJ to reject Dr. Arnold's medical opinion solely because it appeared in a checkbox form. ECF No. 25 at 6. But that is essentially what the ALJ did by failing to consider Dr. Arnold's evaluation form in conjunction with and as a product of his clinical interview and mental status examination. *See* ECF No. 23 at 17–18; ECF No. 11-2 at 24–25; ECF No. 11-7 at 365–66, 368–69. Contrary to Defendant's argument, the ALJ did not "expressly f[i]nd that the objective findings in the examination did not support the degree of limitation." ECF No. 25 at 6. Rather, the ALJ said "the evaluation forms contain checkboxes and *few objective findings* in support of the degree of limitation opined." ECF No. 11-2 at 25. This was not a sufficient reason to reject Dr. Arnold's medical opinion, especially in the context of the ALJ's other analytical errors and the relative importance of the limited evidence from a sustained period of sobriety. *See* ECF No. 23 at 18.

Additionally, the Report and Recommendation correctly concludes the ALJ's errors were not harmless because, had he credited Dr. Arnold's medical

ORDER ADOPTING REPORT AND RECOMMENDATION **-** 3

opinion, it would have led to a more restrictive residual functional capacity and a finding of disability. *Id.* at 15, 18–19.

Having already decided this matter should be reversed and remanded, the Report and Recommendation then correctly instructs the ALJ to reevaluate Plaintiff's symptom claims in the context of the entire record. *Id.* at 26–27. To reject Plaintiff's symptom claims, the ALJ must give specific, clear and convincing reasons for doing so. *Id.* at 20. The clear and convincing evidence standard is the most demanding one applied in social security cases. *Id.* The Court agrees it was questionable for the ALJ to rely on a malingering finding made during a significant period of substance abuse to discredit Plaintiff's symptom claims made several years later during his longest reported period of sobriety. *Id.* at 26–27.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** The Report and Recommendation, **ECF No. 23**, is **ADOPTED** in its entirety.

**2.** Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

**3.** Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

**4.** The Court enters **JUDGMENT** in favor of Plaintiff **REVERSING**

ORDER ADOPTING REPORT AND RECOMMENDATION **-** 4

and **REMANDING** the matter to the Commissioner of Social Security for further proceedings consistent with the Report and Recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

5. All pending motions are **DENIED AS MOOT**.

6. All hearings and other deadlines are **STRICKEN**.

7. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to all counsel and Magistrate Judge Dimke.

**DATED** this 27th day of August 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge